SHARP, W., J.
The state appeals from the trial court’s order which granted Joseph Clayton’s motion to dismiss a driving while license revoked charge[1] which was filed against him in the circuit court. The circuit court relied upon principles of double jeopardy as a bar to this prosecution. The state argues on appeal, as it did below, that the original order was entered without jurisdiction and as a consequence, double jeopardy is not a bar to this prosecution. We disagree with the state and affirm.
The record discloses that on June 6, 1999, Clayton was stopped for a traffic infraction. He was arrested after the officer determined Clayton had an extensive history of sixteen license suspensions and one license revocation for being a habitual traffic offender, and that there was an outstanding warrant for his arrest for VOP on a cocaine offense. The traffic citation charged Clayton with “driving while license suspended or revoked” and “habitual traffic offender,” indicating that Clayton had violated section 322.34(5), Florida Statutes (1997), a third degree felony criminal violation, and it indicated a hearing would be set in the circuit court.
Based on this arrest, Clayton was brought before Judge Blechman, a county court judge, for a television arraignment. While in custody at the jail on June 11, 1999, Clayton entered, and the Judge Blechman accepted, a guilty plea to the first degree misdemeanor offense of driving while license suspended.[2] He was apparently sentenced and served a period of 75 days in the Orange County jail.[3]
*244 On July 9, 1999, the state filed an information formally charging Clayton with the offense of driving while license revoked as a habitual offender in violation of section 322.34(5), Florida Statutes (1997). He was arraigned at the jail and entered a plea of not guilty. Three months later, on October 8, 1999, Clayton filed a motion to dismiss the charge on double jeopardy grounds, alleging he had already been charged with the same offense, entered a plea on it, was sentenced ón it, and in fact was then serving the sentence he had received from Judge Blechman. At the hearing on the motion, the state first raised its argument that Judge Blechman lacked jurisdiction to enter the order. As noted earlier, the circuit court agreed with Clayton’s defense counsel.
On December 3, 1998, the Chief Judge of the Ninth Judicial Circuit issued Administrative Order Number 07-98-23, which assigned several county court judges, including Judge Blechman, to preside over circuit court cases for a six-month period, ending June 30, 1999. The administrative order provides that “it is necessary to the dispatch of business” of the circuit courts “that Judges of the County Court of Orange County be assigned to temporary duty” in those courts. It then “assign[s] and designated” the judges by naming each one specifically, in a list, and authorizes them to:
[PJroceed to the Circuit Courts ... and thereupon on the 1st day of January, 1999, and thereafter through the 30th day of June, 1999, hear, conduct, try and determine the cause or causes which shall be presented to them as temporary Judges of the said Coutts, and thereafter dispose, respectively, of all matters considered by them respectively. These County Judges shall consider those matters which arise during their assignment as emergency duty judge and other matters assigned to them by the Chief Judge that the Circuit Judges .... are unable to hear or dispose of because of crowded dockets in all levels of the court system, (emphasis supplied)
The state argues that the language of the administrative order limited county court judges to act as emergency duty judges in specific instances, or if the Chief Judge assigned a case to them. And it argues there is nothing in the record to suggest that Judge Blechman was acting as an “emergency” judge, or that the Chief Judge had made an assignment of Clayton’s case. However, we view the language of the administrative order in a different light: that it is the use of county court judges as circuit court judges because of a heavy workload, which is the “emergency.” Thus, pursuant to the administrative order, Judge Blechman was assigned to act as a circuit court judge from January 1, 1999, through June 30, 1999. The order which resulted from Clayton’s plea was entered June 11, 1999, within the time frame that Judge Blech-man was authorized to act as a circuit court judge. Thus, double jeopardy bars a second prosecution in this case.
AFFIRMED.
HARRIS and PLEUS, JJ., concur.

. § 322.34(5), Fla. Stat. (1997).

. § 775.082, Fla. Stat.

.There is no documentation in the record relating to the county court proceedings. Thus we rely upon the representations made *244 to the trial court in the transcripts included in the record on appeal.